UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 30 2015
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES OF AMERICA

v.

RONALD EDWIN ROBERSON, JR.,

Defendant.

Criminal No. 15-00121
RJL/DAR

**MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN SUPPORT OF ORDER OF DETENSION**

## I. INTRODUCTION

Defendant is charged by indictment with bank robbery, in violation of 18 U.S.C. § 2113(a). The undersigned conducted a detention hearing on October 19, 2015. Upon consideration of the proffers and arguments of counsel, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).

*See also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) (citation omitted) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.").

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (citations omitted) ("[T]he Bail Reform Act provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.").

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## III. DISCUSSION

Both counsel for the government and counsel for the Defendant proceeded by proffer. Counsel for the government proffered that at approximately 1:06 p.m. on July 22, 2015, Defendant entered a Wells Fargo Bank located at 3200 Pennsylvania Avenue, S.E., in the District of Columbia, and presented a demand note to a teller. Counsel for the government

proffered that the demand note stated "please do not do anything stupid. I am armed. I don't want to hurt anybody. Just give me what you have in your drawer. No dye packs please. Please I don't want to hurt anybody." Counsel for the government proffered that the word armed was underlined three times and that the teller gave Defendant about $840.00 in currency.

Counsel for the Government proffered that three witnesses, including Defendant's former employer and Defendant's probation officer, identified him as the individual depicted in the surveillance photographs. A search by law enforcement using the social security number and date of birth provided by the former employer revealed that Defendant was under supervision in the District Court for the District of Maryland and that the supervision had been transferred to the U.S. Probation Office in the District of Columbia. Further investigations determined that Defendant was convicted of assault in the second degree in Prince George's County Maryland, Defendant was sentenced to 10 years of incarceration with 4 years suspended and five years of probation, and Defendant's supervision was terminated unsatisfactorily.

Counsel for the Government further proffered that cell site data revealed that on the day of the robbery, Defendant's phone pinged at the T-Mobile tower closet to the Well Fargo Bank at approximately one and one-half hours before the bank robbery, and 30 minutes after the robbery, about 7 to 9 blocks from the bank. Further, during the thirty days that cell site data for Defendant's phone had been obtained, Defendant's phone did not ping near the tower on any date other than the date of the robbery.

Finally, Counsel for the government proffered that at the time of the offense charged, Defendant was on probation for two convictions in Maryland: (1) destruction of property in 2015 and (2) driving under the influence of alcohol or a controlled substance in 2014. Defendant tested positive for PCP in August 2015, and failed to report for treatment while he was on

supervision in September 2015. Defendant's criminal history includes convictions for larceny and burglary in 1998.

Defendant, through counsel, requested that he be released from custody into the pretrial services High Intensity Supervision Program because he works full-time and has a court date in Maryland scheduled for October 21, 2015. Counsel for Defendant proposed that the court order electronic monitoring that would permit Defendant to leave home only for employment or for a court date in this matter or other matters. While Defendant's counsel conceded Defendant's criminal history, she argued that it has been 15 years since Defendant had a serious criminal conviction. Counsel for the Defendant also argued that Defendant had only one positive drug test on August 31, 2015, and not an extensive history of drug use.

## IV. FINDINGS OF FACT

Upon consideration of the factors enumerated in section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community.

First, the nature and circumstances of the offense charged weigh in favor of pretrial detention. Defendant is charged with committing robbery, an offense characterized as a crime of violence. *See* 18 U.S.C. § 16. The demand note produced to the bank teller stated that "I am armed" and thus constituted a threated use of force against the teller.

Second, the undersigned finds that the weight of the evidence favors pretrial detention. Three witnesses identified Defendant from the bank's surveillance photograph, and cell site data revealed that Defendant's phone pinged at the cell tower closest to the bank, one and one-half hours before and thirty minutes after the incident.

Third, Defendant's history and characteristics weigh in favor of pretrial detention. Defendant's criminal history includes convictions of assault in the second degree for which he was incarcerated. Defendant's supervision was subsequently terminated unsuccessfully. Defendant was also convicted for larceny and burglary in 1998. At the time of the offence charged, Defendant was on probation for two offences. Defendant is charged with bank robbery, a crime of violence, while on pre-trial release from Maryland and tested positive for PCP while on probation.

Finally, the undersigned finds that Defendant's indictment for robbery, a crime of violence and positive test for PCP, while on pre-trial release, and his previous inability to comply with the terms of his supervision, supports a finding that his release would pose a danger to the community, particularly to the employees and patrons of the bank.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 19, 2015 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

October 30, 2015
DATE

October 19, 2015
NUNC PRO TUNC